UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SLOMAN NEPTUN SCHIFFAHRTS
AKTIENGESELLSCHAFT,

                            Plaintiff,

-v-

BUNKERS INTERNATIONAL,
CORPORATION, PETRO COSTA C.I. LTDA,
and SEA & LAND FUELS S.A.,

                            Defendants.
------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/09
```

09 CV 5813

**APPLICATION FOR AN ORDER TO TEMPORARILY SEAL THE FILE**

      Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

      1.     I am a member of the Bar of the State of New York, and admitted to practice before this Court, and am a Member of the firm of CHALOS & CO, P.C., attorneys for the plaintiff in this action.

      2.     Upon information and belief, it is the practice of many law firms in the maritime bar to review the daily electronic docket sheet of the Southern District of New York for all maritime actions filed in the district and inform the defendant(s) named therein of any Ex Parte Orders of Attachment pending against them, thus defeating the purpose of the "Ex Parte" application.

      3.     Upon information of belief, it is the practice of certain publications, specifically Tradewinds, to publish the names of defendants named in Ex Parte Orders of Attachment, thus further defeating the purpose of the "Ex Parte" application.

4. Upon information and belief, Tradewinds has very recently publicized the names of parties in Rule B proceedings, the amount of the attachments, and other details of the actions, thereby further defeating the purpose of the "Ex Parte" application.

5. The Courts within the Southern District of New York have an interest in preserving the efficacy of the Ex Parte Orders issued therein.

6. The above interest supersedes the interest in maintaining a completely public docket, especially given that the public's access will only be limited temporarily until assets are attached and notice of attachment has been provided to the Defendants.

7. Indeed, the public's access to Ex Parte Orders of Maritime Attachment defeats their entire purpose, by depriving Plaintiffs of the element of surprise and potential allowing Defendants to re-route their funds to avoid the attachment, thus making the attachment remedy hollow.

8. For the foregoing reasons, Plaintiff requests that the Court issue an Order temporarily sealing the court file in this matter, including the Verified Complaint and all other pleadings and Orders filed and/or issued herein until further notice of this Court or notification to the clerk that property has been attached.

9. This request is narrowly tailored to meet Plaintiff's needs. Once property is attached, the case should be unsealed, as the interest underlying sealing the case will have been largely eliminated.

Dated: Oyster Bay, New York
      June 22, 2009

                              CHALOS & CO, P.C.
                              Attorneys for Plaintiff
                              SLOMAN NEPTUN SCHIFFAHRTS
                              AKTIENGESELLSCHAFT,

By: _____
                              George M. Chalos (GC-8693)
                              123 South Street
                              Oyster Bay, New York 11771
                              Tel: (516) 714-4300
                              Fax: (516) 750-9051
                              Email: gmc@chaloslaw.com